UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERICK LADAL SIMS,

                Plaintiff,

    v.

VICTOR JOHNSTON, et al.,

                Defendants.

Case No. C17-0758-RSM-MAT

ORDER DECLINING TO SERVE AND GRANTING LEAVE TO AMEND

Plaintiff Erick Sims is currently confined at the King County Jail. Proceeding *pro se* and *in forma pauperis*, he filed a 42 U.S.C. § 1983 civil rights complaint against Corrections Officer Johnston and Sergeant Jellen. (Dkt. 1-1.) Having reviewed plaintiff's complaint, the Court finds and ORDERS:

(1) Plaintiff makes the following allegations in his complaint. On or about April 19, 2016, he was a pretrial detainee housed in the administrative segregation unit. (Dkt. 1-1 at 3.) The toilet in his cell overflowed, and Officer Johnston responded. (*Id.*) Officer Johnston called plaintiff "you stupid fucking piece of shit" repeatedly. (*Id.*) Plaintiff felt that this was racist. (*Id.*) Officer Johnston returned to the station deck and used the intercom system to continue to repeat the phrase. (*Id.* at 5.) After the toilet overflow was cleaned up, Officer Johnston instructed that

the mop and squeegee be left near the door to the unit. (*Id.*) The officer then continued the verbal harassment and told plaintiff over the intercom to "watch [his] back boy." (*Id.* at 6.)

Then the inmate in the cell next to plaintiff's cell was let out to use the mop and squeegee to clean his cell. (*Id.*) The inmate began to "slam" the squeegee under plaintiff's cell door. (*Id.*) The squeegee scraped over plaintiff's bare feet and broke off one of his toe nails. (*Id.*) Although plaintiff feared for his "life and safety," he refused to respond to the inmate's demands that he back away from his cell door. (*Id.*) The inmate eventually returned to his cell, and Officer Johnston resumed calling plaintiff "you stupid fucking piece of shit" over the intercom. (*Id.* at 7.)

Plaintiff flooded his floor with the toilet, and Officer Johnston and another officer came into the unit and turned off the water to plaintiff's cell. (*Id.*) Officer Johnston also passed out mail, and he put a letter for plaintiff in a wet spot about 12 inches outside of plaintiff's cell door. (*Id.* at 8.) Plaintiff had to lie on the ground to reach under the door and get the letter. (*Id.*)

About ten minutes later, Sergeant Jellen and two officers came to plaintiff's door. (*Id.*) Sergeant Jellen handcuffed plaintiff and took him to the T.V. area in the unit. (*Id.*) Plaintiff explained what happened, said that he feared for his safety and wellbeing under Officer Johnston's supervision, and asked to be moved to another unit. (*Id.* at 9.) Sergeant Jellen said that plaintiff could not be transferred. (*Id.*) Plaintiff then said he felt suicidal, and he was transferred to the suicide watch unit. (*Id.*) Two days later, he was transferred back to his original unit. (*Id.*) He was infracted and found guilty. (*Id.*)

(2) Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see Talley v. Jackson*, 2015 WL 3796339, at *1 (W.D. Wash. June 18, 2015) (citations omitted). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

(3) To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

(4) Having screened plaintiff's complaint, the Court has identified the following deficiencies:

    a. Plaintiff fails to state a claim upon which relief may be granted against

Officer Johnston. Plaintiff alleges that Officer Johnston verbally harassed him, but allegations of verbal harassment or abuse do not state a constitutional deprivation under § 1983. *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (prison officials' abusive language towards Muslim inmates insufficient to establish equal protection violation); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse is not sufficient to state a § 1983 claim); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (threats do not violate Eighth Amendment); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); *McCollum v. California*, 610 F. Supp. 2d 1053, 1060 (N.D. Cal. 2009) (derogatory comments do not violate equal protection).

Plaintiff also alleges that Officer Johnston released the inmate who harmed plaintiff with the squeegee, but this too does not rise to the level of a constitutional violation. Jail officials are required to take reasonable measures to guarantee the safety of inmates, and officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (convicted prisoners); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (pretrial detainees). To establish a violation, an inmate must allege facts supporting that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to the inmate's safety. *Farmer*, 511 U.S. at 834; *Frost*, 152 F.3d at 1128; *Redman v. Cnty. of L.A.*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc). To demonstrate deliberate indifference, a prisoner must allege facts that an official knew of and disregarded an excessive risk

to inmate safety; that is, the official must both have been aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that the official drew the inference. *Farmer*, 511 U.S. at 837; *Frost*, 152 F.3d at 1128; *Redman*, 942 F.2d at 1442. Here, because plaintiff was locked in his cell and the inmate could only reach under the door, the allegations do not establish a substantial risk of harm.

Finally, plaintiff alleges that Officer Johnston placed his letter on the wet ground outside of his cell, which forced him to lie on the ground to reach the letter. These allegations to not state a violation of the U.S. Constitution.

    b.  Plaintiff fails to state a claim upon which relief may be granted against Sergeant Jellen. Plaintiff claims that Sergeant Jellen would not transfer him to a different unit. A prisoner, however, has no right to be housed in any particular cellblock or to object to his transfer from one cellblock to another. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983) (transfer from general population to administrative segregation does not involve a protected interest); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); *Lucero v. Russell*, 741 F.2d 1129 (9th Cir. 1984) (transfer to maximum security does not infringe on any protected liberty interest); *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984) (transfer within a prison is within the discretion of prison officials). Accordingly, Sergeant Jellen's alleged actions did not violate plaintiff's constitutional rights.

In addition, plaintiff cannot maintain a § 1983 action against Sergeant Jellen based solely on his role as Officer Johnston's supervisor. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (a plaintiff may not hold supervisory personnel liable under § 1983 for constitutional deprivations under a theory of supervisory liability).

ORDER DECLINING TO SERVE AND
GRANTING LEAVE TO AMEND - 5

1       (5)    Based on the forgoing, the Court DECLINES to serve plaintiff's complaint, but GRANTS him leave to file an amended complaint curing the above-noted deficiencies within 30 days after the date this Order is signed. The amended complaint must carry the same case number as this one and must be filed on the appropriate form, a copy of which will be sent with this Order. **If no amended complaint is timely filed or if plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court may recommend that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.**

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any amended complaint must clearly identify the defendant(s), the constitutional or federal statutory claim(s) asserted, the specific facts which plaintiff believes support each claim, and the specific relief requested.

      (6)    The Clerk is directed to send plaintiff a copy of this order and the appropriate forms so that he may file an amended complaint. The Clerk also is directed to send a copy of this Order to the Honorable Ricardo S. Martinez.

Dated this <u>7th</u> day of June, 2017.

                                             Mary Alice Theiler
                                             United States Magistrate Judge